UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC. and GRAHAM SMITH,<br><br>         Plaintiffs,<br><br>v.<br><br>U.S. CENTRAL COMMAND and U.S. DEPARTMENT OF DEFENSE,<br><br>         Defendants. | Case No.: 3:21-cv-01079-MMA-AHG<br><br>**ORDER RESOLVING OPPOSED JOINT MOTION AND GRANTING PLAINTIFFS' MOTION TO VACATE BRIEFING SCHEDULE**<br><br>**[ECF No. 26]** |

Before the Court is the parties' opposed joint motion regarding the briefing schedule set forth in the Amended Scheduling Order (ECF No. 21). ECF No. 26. Plaintiffs seek to vacate the remaining summary judgment briefing schedule deadlines, which Defendants oppose. *Id*.

**I. BACKGROUND**

After the second Early Neutral Evaluation Conference in this matter on February 16, 2022, and after issuing a mediator's proposal that was not accepted by all parties, the Court issued the operative Amended Scheduling Order, which set a briefing schedule for cross-motions for summary judgment. ECF Nos. 20, 21. The Court issued the following briefing schedule:

(1) Defendants must file their Motion for Summary Judgment by April 6, 2022.
(2) Plaintiffs must file their Opposition to Defendants' summary judgment motion and their Cross-Motion for Summary Judgment by May 6, 2022.
(3) Defendants must file a Reply in support of their summary judgment motion and their Opposition to Plaintiffs' cross-motion by June 6, 2022.
(4) Plaintiffs must file a Reply in support of their cross-motion by June 21, 2022.
(5) A hearing on the Defendants' Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment will be held on July 11, 2022 before the Honorable Michael M. Anello.

ECF No. 21 at 1–2 (emphasis omitted). Defendants filed their motion for summary judgment on April 6, 2022. ECF No. 23. On April 20, 2022, pursuant to this Court's Chambers Rules (*see* Chmb.R. at 2), the parties filed the instant opposed joint motion. ECF No. 26. This Order follows.

## II.  LEGAL STANDARD

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 21 at 5 (Amended Scheduling Order, stating that "[t]he dates set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

/ /

## III. DISCUSSION

Plaintiffs contend that they had "understood that Defendants' summary judgment motion would argue that CENTCOM's two searches preceding the Second ENE satisfied its FOIA obligations, and began to prepare its cross-motion based on that understanding." ECF No. 26-1 at 3.[1] However, in Defendants' motion for summary judgment (ECF No. 23), Plaintiffs "learned for the first time that CENTCOM has been conducting a third search and review process since February 16, 2022." ECF No. 26-1 at 3. Therefore, Plaintiffs argue that "the [summary judgment m]otion does not state what search terms CENTCOM is using and what databases it is searching, which prevents NPR from assessing CENTCOM's compliance and meaningfully addressing in its opposition, the reasonableness of the agency's efforts to comply with FOIA. … Nor does the Motion state when the third search will be complete, leaving open the possibility that CENTCOM could release additional responsive records that might moot summary judgment after NPR has filed its opposition and cross-motion, or require further rounds of summary judgment pleadings." *Id*. Further, Plaintiff contends that "[e]ven if NPR agreed that CENTCOM's third search is targeting the appropriate search terms and databases captured in its FOIA request, summary judgment on the current schedule would still be premature because NPR may need to challenge CENTCOM's exemptions to any documents resulting from the third search." *Id*. Thus, since "a second round of summary judgment … would be an inefficient use of the Court's and the parties' time and resources," Plaintiffs seek an Order from the Court (1) vacating the current briefing schedule and (2) requiring the parties to file a joint status report regarding the third search and proposed new scheduling deadlines. *Id*. at 4.

Defendants explain that the third search to which Plaintiffs refer was initiated in order to evaluate the Court's supplemental search term mediator's proposal, and though

---

[1] Due to discrepancies between original and imprinted page numbers, page numbers for docketed materials cited in this Order refer to those imprinted by the court's electronic case filing system.

the proposal was not accepted by all parties, "CENTCOM opted to complete the search once underway … and [would] voluntarily notify the Court and parties if additional responsive records were identified." ECF No. 26-1 at 5; *see also id*. at 6 ("when that proposal was not accepted by all parties CENTCOM chose to moot foreseeable complaints by completing the pending search and volunteering to disclose any new responsive records anyway"). In response to Plaintiffs' allegations that they do not know what search terms are being used in the third search, Defendants explain that the search terms being used are from the Mediator's Proposal, which both sides had access to. *Id*. at 6. Further, Defendants contend that their motion for summary judgment is "is expressly based on facts presented well before the Mediator's Proposal" and the third search conducted after the February 16 second ENE is "procedurally relevant but not necessary for summary judgment in either party's favor, nor is it material to Plaintiffs' opposition to the pending motion." *Id*. Defendants reiterate that Plaintiffs are able to timely file their opposition and cross-motion because "Plaintiffs were in possession of the responsive documents warranting summary judgment long before [the third search]." *Id*. Defendants state that Plaintiffs are essentially seeking an indefinite stay in proceedings, and propose instead that the Court either (1) permit Defendants to end the third search if "Plaintiff is precluded from subsequent reference or objection to doing so," or (2) permit a mutual extension of briefing schedule deadlines to dates certain. *Id*. at 7.

The Court has reviewed the joint motion, as well as Defendants' motion for summary judgment, and has considered the arguments of both sides. To avoid piecemeal issues on summary judgment, the Court finds that the briefing schedule should be vacated so that the Government's search and production can be completed. Thus, good cause appearing, Plaintiffs' motion is **GRANTED**. The remaining deadlines set forth in the Court's Amended Scheduling Order (ECF No. 21), including the July 11, 2022 hearing before Judge Anello, are **VACATED**. In consideration of Defendants' request to avoid an indefinite stay in the matter, the Court **SETS** a Status Conference via videoconference for **May 10, 2022** at **2:00 p.m.** before Magistrate Judge Allison H. Goddard. ***Counsel are***

*required to attend; clients are welcome, but not required.* The parties must send the Court a joint status update and proposed schedule via email (to efile_goddard@casd.uscourts.gov) (*not filed*) by **May 6, 2022**. To facilitate the videoconference:

    a. The Court will use its official Zoom video conferencing account to hold the Status Conference. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the Status Conference.[3] There is a cost-free option for creating a Zoom account.

    b. Prior to the start of the Status Conference, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation.

---

[2] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[3] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

      c. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the Status Conference to ensure that the conference begins promptly at 2:00 p.m.

      d. No later than **May 6, 2022**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

        i. The **name and title of each participant**;

        ii. An **e-mail address for each participant** to receive the Zoom video conference invitation;

        iii. **telephone number where each participant** may be reached if technical difficulties arise; and

        iv. A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is).

      e. All participants shall display the same level of professionalism during the Status Conference and be prepared to devote their full attention to the Status Conference as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

      f. Counsel are advised that although the Status Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., counsel must dress in appropriate courtroom attire.

//
//
//
//
//
//
//

## IV. CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. Plaintiffs' motion to vacate the amended scheduling order is **GRANTED**. ECF No. 26 (referring to ECF No. 21).

2. The remaining deadlines set forth in the Court's Amended Scheduling Order (ECF No. 21), including the July 11, 2022 hearing before Judge Anello, are **VACATED**.

3. The Court **SETS** a Status Conference via videoconference for **May 10, 2022** at **2:00 p.m.** before Magistrate Judge Allison H. Goddard.

4. The parties must send the Court a joint status update and proposed schedule via email (to efile_goddard@casd.uscourts.gov) (*not filed*) by **May 6, 2022**. Each party's videoconference participant contact information lists are also due via email on **May 6, 2022**.

**IT IS SO ORDERED.**

Dated: April 21, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge